versus Antonio G. Thank you, Your Honors. May it please the Court, and I will be brief. My name is Kelly Stacy, appearing on behalf of the people. In the context of a parental rights termination case, the State may file a motion to terminate parental rights if a respondent is unfit to have his child, if he is incarcerated as a result of a criminal conviction, and his incarceration will prevent him from discharging his parental rights. In this case, M.L.B.'s father admitted to the finding of unfitness based upon his incarceration at Graham Correctional Center. He is not contesting the finding of unfitness, but rather in the Court's decision to terminate his parental rights at the best interest term. In this case, the State does acknowledge that the respondent did what he could do in the confines of the prison to try to comply with the terms of his service plan. He completed parenting classes and anger management classes. He recorded a gospel CD of his own voice, reading for his daughter. He testified he's scheduled to be released from prison in June of next year, 2012, and he had hoped his parental rights would not be terminated so that his daughter could get to know him when he was released. This case highlights the difficulty in parental rights termination cases where a parent is unavailable to care for a child and a family stands ready, willing, and able to adopt the child. The statistics and the case law, however, establish that children need permanency and a sense of belonging, and the sooner that can happen for that child, the better. The State is not insensitive to the respondent in this case at all. He wants to have a relationship with M.L.B., and that determination of what is in the best interest of M.L.B. The court found that the factors weigh heavily in favor of termination of the respondent's parental rights. At the best interest hearing, the focus shifts away from the respondent and toward the child, and again, she is in a loving and stable home with a quick family. The respondent asks for a chance to be afforded an opportunity to participate meaningfully in M.L.B.'s life once he's released. In a parental rights case, though, the entire bundle of rights is severed. The parent's interest in maintaining a relationship yields to the child's interest in a loving and stable home life. The trial court in this case could not, even if it wanted to, have honored the respondent's request to reserve a residual right of visitation for the respondent. Once that decision is made determining rights, it severs the entire bundle of rights. In this case, the trial court made the best decision that it could for M.L.B., and the people respectfully request this court to confirm that decision. Thank you. Thank you, Ms. Stacy. Take it under advisement. Render a ruling.